IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| RYAN SMITH and RACHEL SMITH, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 111206C |
| v. | ) ) | |
| LANE COUNTY ASSESSOR, | ) ) | |
| Defendant. | ) ) | **DECISION OF DISMISSAL** |

This matter is before the court on Defendant's motion to dismiss (motion), filed with its

Answer on December 6, 2011, requesting that the Complaint be dismissed. Plaintiffs filed their

Complaint on November 16, 2011, requesting a $3,500 reduction in the property tax balance they

owe on a manufactured home identified in the assessor's records as Account 4200000 for tax

years 1996-96 through 2011-12. For reasons set forth below, the court concludes it is without

jurisdiction to grant the relief requested; therefore, Defendant's motion is granted.

In a written memorandum attached to their Complaint, Plaintiffs clearly state that they are

"not disputing the tax assessed." (Ptfs' Compl at 2.) They go on to state that they are

"requesting relief from a portion of the interest accrued on the property tax balance." (*Id.*

(emphasis omitted).) The memorandum, written by Plaintiffs' mother, Robin Geyer (Geyer),

explains that Plaintiffs acquired the property by right of survivorship after the death of their

father, Steven Smith (Smith), in 1994. (*Id.*) Geyer explains that she was never married to Smith,

although they were partners for eight years and he was the father of her two youngest children

(the Plaintiffs). (*Id.*) According to Geyer, the home was purchased by Smith in 1993, and his

name was the only one that appeared on the loan, the legal documents, and the records (including

the property tax statements). (*Id.*) At the time of Smith's death, Plaintiffs were both minors. (*Id.*) Geyer states that she has made all of the property tax payments, subject to her financial ability after she obtained a job, and that she has raised all of the children in the home in "the previous 18 years." (*Id.*) Plaintiffs submitted the tax records verifying tax amounts owed, as well as a spreadsheet that tabulated the actual amount owing (excluding interest and other fees). (*Id.* at 4-15.)

Geyer indicates that the taxes alone for the years at issue amount to $11,346 (rounded), that she made payments of $10,373 (rounded), and that, at the time the memorandum was written (November 2011), there is a remaining balance of slightly more that $7,000. (*Id.* at 2.) During the February 13, 2012, case management hearing, Geyer indicated that she borrowed money from three separate family members and paid the outstanding liability in full. Nonetheless, Plaintiffs are seeking "to be granted relief * * * in the amount of $3,500 from the balance owed[,] which is mostly interest accrued over the years." (*Id.*) During the February 13, 2012, case management hearing, Defendant's representative, Daniela Urbatzka, indicated that part of Plaintiffs' balance includes warrant fees and ombudsman's fees.[1]

The court's grant of jurisdiction over tax matters is found in ORS 305.405.[2] "Subject to * * * judicial review by the Supreme Court * * *the tax court shall be the sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact arising under the tax laws of this state." ORS 305.410. However, the court's authority over questions arising under the "tax laws of this state" is expressly limited by statute. *See e.g.*, ORS 305.410(1)(L) (expressing that "ORS chapter 657 relating to unemployment insurance taxes" are

---

[1] Also during the February 13, 2012, case management hearing, Geyer requested the court grant recovery of the filing fee. A fee of $240 must be paid with all complaints filed with the Oregon Tax Court Magistrate Division. ORS 305.490 (2009) and Oregon Laws 2011, chapter 595, sections 8, 62; ORS 605.490(1).

[2] All references to the Oregon Revised Statutes (ORS) are to 2009.

"not tax laws of this state"). When the legislature has chosen to modify the court's authority, it has done so expressly, by statute. *See e.g.*, ORS 305.410(3) (expressing that the court has authority to determine issues "concerning the authorized use of the proceeds of bonded indebtedness").

ORS 311.505 through 311.656 govern delinquent property taxes. The statutes provide that taxes and other charges levied shall be paid in one-third installments throughout the calendar year. ORS 311.505(1). ORS 311.510 provides that property taxes not paid on or before a specified date each year shall be delinquent. The date of delinquency varies depending upon whether the property is real or personal. It appears that Plaintiffs' manufactured home is personal property, although that determination is irrelevant in this case because there is no dispute over whether Plaintiffs' taxes were delinquent. Thirty days after proper notice of the delinquency to the property's owner, the statutes require the tax collector to "issue a warrant to enforce the payment thereof" and to charge a fee for service of the warrant. ORS 311.547; ORS 311.610(1); ORS 311.633. Additionally, "[i]nterest shall be charged and collected on any taxes on property * * * not paid when due." ORS 311.505(2).

Absent from the statutes is any authority for the courts grant a discretionary waiver of interest or fees in property tax matters. It is clear from the statutes that when the legislature intends to grant such authority, it does so expressly. *See e.g.*, ORS 305.145(3) (granting the Department of Revenue the authority to use its discretion waive or reduce interest "upon a showing of good and sufficient cause"). In the present case, the court can find no statute or case law authorizing it to grant a discretionary waiver of interest or fees in property tax matters. Now, therefore,

/ / /

IT IS THE DECISION OF THIS COURT that this matter is dismissed.

IT IS FURTHER DECIDED that Plaintiffs request for recovery of the filing is denied.

Dated this ____ day of February 2012.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on February 16, 2012. The Court filed and entered this document on February 16, 2012.*